UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DOCIA MARKRAY, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,** § § § § | | |
| **PLAINTIFF** § § § | | |
| v. § § | **CIVIL ACTION NO. 3:21-cv-12** | |
| **TEXAS HEALTH RESOURCES,** § § § | | |
| **DEFENDANT** § § § | | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Docia Markray, on behalf of herself and all others similarly situated, files this Original Collective Action Complaint against Defendant Texas Health Resources ("Defendant"), and in support thereof would show the following:

**I.   PRELIMINARY STATEMENT**

1.1   This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA").

1.2   Defendant is one of the largest health and hospital systems in the United States, and is the largest in North Texas.

1.3   Plaintiff Docia Markray was employed by Defendant as a Registered Nurse from approximately November 2018 to November 2020.

1.4   Ms. Markray's primary duties were to provide nursing care to Defendant's patients.

1.5   Ms. Markray was paid on an hourly basis.

1.6   Even though she consistently worked more than forty hours in a week, Ms. Markray was

not paid overtime premiums for all such hours.

1.7     Docia Markray, on behalf of herself and all other similarly situated hourly nurses employed by Defendant, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.8     For at least three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay overtime premiums to its hourly nurses for all hours worked in excess of forty hours per week.

##     II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant Texas Health Resources because this entity conducts business in Texas and has entered into relationships with Plaintiff in Texas and has committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

### III.   PARTIES

**A.   Plaintiff**

3.1   Plaintiff Docia Markray is an individual residing within this Judicial District. Her notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.

**B.   Defendant**

3.2   Defendant National Healthcare Corporation ("NHC") is a domestic nonprofit corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in Texas.

3.3   NHC was an employer of Ms. Markray and those similarly situated as defined by 29 U.S.C. §203(d).

### IV.   FLSA COVERAGE

4.1   For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2   At all relevant times, Defendant had gross operating revenue in excess of $500,000.00.

4.3   At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4   At all relevant times, Defendant employed "employees", including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5   At all relevant times, Defendant employed two or more persons in interstate commerce.

4.6   At all relevant times, Defendant has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendant.

4.8     At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendant provides a variety of medical services to its patients in and around the Dallas area.

5.2     Defendant employed Docia Markray during the three-year period preceding the filing of this Complaint.

5.3     Ms. Markray and all those similarly situated had the same primary duty, which was to provide nursing care to Defendant's patients.

5.4     Ms. Markray and all those similarly situated were paid on an hourly basis.

5.5     Ms. Markray and all those similarly situated consistently worked over forty hours per week.

5.6     Ms. Markray and all those similarly situated were non-exempt employees.

5.7     Defendant failed to pay Ms. Markray and all those similarly situated overtime premiums for all hours worked over forty per week.

5.8     Additionally, Defendant required Ms. Markray and all those similarly situated to work uncompensated time off the clock, after they had clocked out.

5.9     Defendant maintained control, oversight, and direction over its operations, including employment practices.

5.10    Defendant maintained and exercised the power to hire, fire, and discipline Ms. Markray and those similarly situated during their employment with Defendant.

5.11    Ms. Markray and those similarly situated were required to comply with Defendant's policies and procedures in performing their work during their employment with Defendant.

5.12    At all times relevant hereto, Defendant knew of, approved of, and benefited from the regular, overtime and off the clock work of Ms. Markray and those similarly situated.

5.13    Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.14    Defendant's actions were willful and in blatant disregard for the federally protected rights of Ms. Markray and those similarly situated.

## VI.    COLLECTIVE ACTION ALLEGATIONS

6.1    Other employees have been victimized by the pattern, practice, and policy of Defendant that is in violation of the FLSA.  Ms. Markray is aware that the illegal practices and policies of Defendant have been imposed on other workers.

6.2    Ms. Markray brings her claim for relief on behalf of all persons who worked for Defendant as an hourly nurse at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3    Defendant paid Ms. Markray and the Collective Class on an hourly basis and suffered and permitted them to work more than forty hours per week.  Defendant did not pay Ms. Markray or the Collective Class overtime compensation for any hours worked beyond forty per week.

6.4     Though their job titles may vary, the members of the Collective Class were all hourly nurses.

6.5    Ms. Markray's experiences are typical of the experiences of other similarly situated employees.

6.6     Defendant's operations with respect to Ms. Markray and the Collective Class and wages paid to Ms. Markray and the Collective Class are substantially similar, if not identical.

6.7     Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Ms. Markray and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Ms. Markray files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Ms. Markray brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Ms. Markray brings these claims on her behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

6.10    Ms. Markray requests that Defendant identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11    Ms. Markray seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Ms. Markray's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13    Ms. Markray will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.   CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2   Ms. Markray and all others similarly situated are non-exempt employees.

7.3   As non-exempt employees under the FLSA, if Ms. Markray and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime pay.

7.4   Over the course of the relevant period, Ms. Markray and all others similarly situated routinely worked in excess of forty hours per week.

7.5   Even though Ms. Markray and all others similarly situated worked in excess of forty hours per week, Defendant failed to pay them an overtime premium for all hours worked in excess of forty per week.

7.6   Defendant has violated 29 U.S.C. § 201 *et seq*. by failing to pay Ms. Markray and all others similarly situated overtime premiums for all hours worked over forty per workweek.

7.7   In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the true number of hours worked per workweek by Ms. Markray and all others similarly situated.

7.8   No excuse, legal justification or exemption excuses Defendant's failure to pay Ms. Markray and all others similarly situated overtime compensation for all hours worked over forty in a workweek.

7.9   Defendant has failed to make a good faith effort to comply with the FLSA.  Instead, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

7.10  Ms. Markray and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Docia Markray and all others similarly situated respectfully pray that Defendant Texas Health Resources be cited to appear, and that, upon trial of this matter, Plaintiff Docia Markray and the Collective Class recover the following against Defendant:

a. Actual damages for the full amount of their unpaid overtime compensation;

b. Liquidated damages in an amount equal to their unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
700 West Summit Dr.
Wimberley, Tx 78676
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**